# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DONNA UPHUES and BARBARA TANGWALL,

    Plaintiffs,

    v.

THE LAW OFFICES OF WILLIAM R. SATTERBERG, JR., THOMAS TEMPLE, and AMY WELCH

    Defendants.

Case No. 4:19-cv-00024-SLG

## ORDER OF DISMISSAL

On August 8, 2019, Plaintiffs filed a Complaint, along with a Civil Cover Sheet and the filing fee.[1] Plaintiffs allege that the "complaint is brought for deprivation of civil rights under color of law pursuant to 42 U.S.C. § 1983."[2] Plaintiffs name the Law Offices of William R. Satterberg, Thomas Temple, and Amy Welch as defendants.

Plaintiffs allege generally that Mr. Satterberg solicited two individuals, neither of whom is a party to this suit, to file lawsuits against Salcha Marine, the business entity operated by the two Plaintiffs.[3] From these general background

---

[1] Dockets 1-2.

[2] Docket 1 at 1.

[3] Docket 1 at 2.

allegations, Plaintiffs allege two claims. First, Plaintiffs allege that Defendant Satterberg did not have a proper business license and therefore "did not have standing to prosecute or defend any actions in the Alaska Courts[.]"[4] Plaintiffs allege that the Alaska Courts have "repeatedly ignored" this and "thus depriv[ed] the Plaintiffs of their civil rights under color of law to rely on and find protection from unscrupulous business practices."[5] For relief, Plaintiffs request (1) $2.5 million in compensatory damages for "destroying Salcha Marine;" (2) "Cost"; (3) "Interest"; (4) "Any other relief this court deems just"; (5) a temporary restraining order against "the Defendants from proceeding further in any and all cases in the state courts against the Plaintiffs"; (6) and a permanent injunction against "the Defendants from proceeding further in any and all cases in the state courts against the Plaintiffs."[6]

For the second claim, Plaintiffs allege that "Defendants conspired to sue and harass Donald Tangwall by suing the Plaintiffs" in support of which they attach the Complaint from Alaska Superior Court case *Ward, et al. v. Tangwall, et al.*, Case No. 4FA-18-01771CI as an exhibit.[7] Plaintiffs allege that this is because they

---

[4] Docket 1 at 3.

[5] *Id.*

[6] *Id.*

[7] Docket 1 at 4; Docket 1-3 (Stephen Ward and The Law Offices of William R. Satterberg, Jr. filed a suit against Barbara Tangwall, Donna Uphues, along with associated business and trust entities alleging fraud and the use of vexatious litigation in an attempt to avoid paying prior civil judgments.).

allegedly have knowledge "that Satterberg is defrauding the IRS by filing his federal income taxes in the Commonwealth of the Northern [Mariana] Islands."[8] For relief on this claim, Plaintiffs request (1) "an order of referral to the Internal Revenue Service on alleged fraudulent tax returns"; (2) "an order of referral to the Alaska Permanent Fund Dividend Administration to investigate alleged fraudulent PFD application of Satterberg"; (3) compensatory damages for $2.5 million and punitive damages for $2.5 million; (4) "Cost"; (5) "Interest"; (6) "Any other relief this court deems just"; (7) a temporary restraining order against Defendants "from proceeding further in any and all cases in the state courts against the Plaintiffs"; and (8) a permanent injunction precluding Defendants "from proceeding in any and all cases in the state courts against the Plaintiffs."[9]

As briefly mentioned in the Complaint, the parties have an extensive litigation history. The Court takes judicial notice of the following Alaska State Court actions, which feature the parties as either plaintiffs, defendants, or opposing counsel: *Dees v. Tangwall et al.*, Case No. 4FA-13-01586CI; *Ward v. Tangwall et al.*, Case No. 4FA-13-03022CI; *Tangwall and Uphues v. Dees*, Case No. 4FA-14-02654CI; *Highwater Mark LP and Tangwall v. Dees*, Case No. 4FA-15-00769SC; *Highwater Mark. LP v. Dees*, Case No. 4FA-15-02443CI; *Tangwall and Uphues v. Dees*, Case No. 4FA-16-01449CI; *Tangwall et al. v. The Law Offices of William R.*

---

[8] Docket 1 at 4.

[9] Docket 1 at 5.

*Satterberg, Jr. et al.*, Case No. 4FA-17- 01675CI; *Tangwall v. The Law Offices of William R. Satterberg, Jr. et al.*, Case No. 4:17-cv-00004; *Uphues et al. v. Dees et al.*, Case No. 4FA-18-01647CI; *Tangwall v. Dees*, Case No. 4FA-18-02365CI; *Tangwall et al. v. Ward*, Case No. 4FA-18-01702CI; *Ward and The Law Offices of William R. Satterberg, Jr. v. Tangwall et al.*, Case No. 4FA-18-01771CI; *Tangwall v. Dees*, Case No. S-16850; *Tangwall v. Dees*, Case No. S-16640; *Tangwall v. Dees*, Case No. S-17239; *Tangwall v. Dees*, Case No. S-17317; *Tangwall v. Ward*; Case No. S-16806; *Tangwall v. Ward*, Case No. S-17191; *Tangwall v. Ward*, Case No. S-17356; *Tangwall v. The Law Offices of William R. Satterberg, Jr.*, Case No. S-16775.[10]

## LEGAL STANDARD

The United States Supreme Court has established that "the federal courts are under an independent obligation to examine their own jurisdiction[.]"[11] In a federal court proceeding, a jurisdictional defect may be raised at any time.[12]

---

[10] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[11] *United States v. Hays*, 515 U.S. 737, 742 (1995).

[12] *Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013).

## DISCUSSION

Plaintiffs allege this Court has jurisdiction pursuant to 42 U.S.C. § 1983.[13] 42 U.S.C. § 1983 has specific statutory requirements, requiring the harm or injury to be caused by a state actor and in violation of a federal constitutional or civil right. Plaintiffs' Complaint does not plausibly allege facts that state a valid claim under 42 U.S.C. § 1983. Furthermore, the Court cannot extend jurisdiction due to *res judicata*. Accordingly, the Court must dismiss the action.

### I. <u>Jurisdiction</u>

Jurisdiction is "[a] court's power to decide a case or issue a decree."[14] A court's subject matter jurisdiction is its "statutory or constitutional power to adjudicate a case."[15] As a federal court, this Court has limited subject matter jurisdiction. It possesses "only that power authorized by the Constitution and statute."[16] This means that the Court has the authority to hear only specified types of cases.[17] "In civil cases, subject matter jurisdiction is generally conferred upon

---

[13] *See* Docket 29 at 1.

[14] *Black's Law Dictionary* (9th ed. 2009) (definition of "jurisdiction").

[15] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998).

[16] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g. A-Z Intern.v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[17] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008), citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[18]

Federal question jurisdiction gives a federal court the authority to consider cases brought under the United States Constitution or federal statutes.[19] The Plaintiffs' Complaint cites to a federal statute, but it does not allege sufficient facts to plausibly allege the required elements of 42 U.S.C. § 1983 or to state another viable federal constitutional or statutory claim.[20] Because the Complaint does not plausibly allege facts that, if proven, would constitute a violation of the U.S. Constitution or a federal statute by a state actor that is redressable by a private citizen in federal court, this Court does not appear to have federal question jurisdiction over this case.

Diversity jurisdiction requires that the plaintiff has "citizenship which is diverse from that of every defendant" and an amount in controversy greater than $75,000.[21] This means that this Court could have subject matter jurisdiction over a case (including one involving only state law issues) when the plaintiff demonstrates that she is a citizen of a different state than the citizenship of each

---

[18] *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[19] 28 U.S.C. § 1331.

[20] *See* Docket 1.

[21] 28 U.S.C. § 1332; *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship")).

Case No. 4:19-cv-00024-SLG, *Uphues, et al. v. Law Offices of William R. Satterberg, Jr., et al.*
Order of Dismissal
Page 6 of 14

of the defendants.[22] However, if any defendant is a citizen of the same state as any plaintiff, then no diversity jurisdiction exists.[23] Plaintiffs do not formally establish citizenship; but the filings indicate that Plaintiffs and Defendants all work and hold addresses in Alaska and are likely all Alaska citizens.[24] Therefore, this Court does not appear to have diversity jurisdiction over this action.

### II. 42 U.S.C. § 1983

42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[25] To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal Constitution or federal statutes."[26] To act under color of state law, a complaint must allege that the defendants acted with state authority as state actors.[27] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by federal law.[28] Critically, a

---

[22] *Id*. (quoting *Kokkonen*, 511 U.S. at 377).

[23] *Id*.

[24] *See* Docket 1.

[25] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[26] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[27] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[28] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*,

plaintiff must establish a causal link between the state action and the alleged violation of her rights.[29] These essential elements must be pleaded in a § 1983 claim.

      a. <u>Private parties are not generally held liable under 42 U.S.C. § 1983; liability requires the violation of a Constitutional right by a "state actor".</u>

42 U.S.C. § 1983 requires that a defendant must be "acting under the color of state law. Private citizens are not proper defendants for a § 1983 action.[30] A defendant has acted under color of state law when he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[31]

A private party can be subject to suit under § 1983 for violating a plaintiff's civil rights only in narrow circumstances. For a private party, "state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of

---

520 U.S. 329, 340-41 (1997).

[29] *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

[30] *See* 42 U.S.C. § 1983; *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc).

[31] *West*, 487 U.S. at 49 (quoting *Classic*, 313 U.S. at 326); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).

the State itself."[32]  The Ninth Circuit, following the United States Supreme Court, explains that, "[s]pecifically, a plaintiff must show that 'the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State.'"[33]

While attorneys are officers of the courts and represent parties relying on provisions of state law, private attorneys are not state actors.[34]  Defendants are all private attorneys engaged in the private practice of law, and therefore, not state actors.  Plaintiffs have not plausibly alleged any facts that would support a finding that any Defendant as a state actor.

      b. <u>A state actor must violate a pre-existing constitutional or federal right.</u>

42 U.S.C. § 1983 does not confer constitutional or federal rights.  Instead, it provides a mechanism for remedying violations of pre-existing constitutional or federal rights.[35]  Constitutional rights are those conferred by the U.S. Constitution to individual citizens.  Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983

---

[32] *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (citation and internal quotation marks omitted).

[33] *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).

[34] *See generally Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a public defender, though paid by the state, does not act under color of state law when performing the traditional duties of an attorney).

[35] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

remedy for violations of the statute in question.[36] Section 1983 does not provide a cause of action for violations of state law.[37] However, where a violation of state law is also a violation of a federal constitutional right, Section 1983 may provide a cause of action.[38]

An alleged violation of state regulatory law and an alleged conspiracy fueled by a defendant's alleged tax evasion do not violate the individual rights of Plaintiffs that are protected by the federal Constitution or individual rights of Plaintiffs that are protected by federal statute. Count 2 does not plausibly allege a violation of Section 1983.

> c. <u>A plaintiff must show causation between a defendant's actions and the violation of their constitutional or federal right.</u>

Importantly in a § 1983 action, a plaintiff must demonstrate causation, or show how the defendant, acting under color of state law, allegedly violated the plaintiff's federal rights. A person deprives another of a federal constitutional or statutory right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"[39]

---

[36] *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027-28 (9th Cir. 1999).

[37] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[38] *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996).

[39] *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

The required causal connection "may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."[40]

Since Plaintiffs have not shown a state actor or a federal constitutional or statutory violation, they have not shown causation. Accordingly, Plaintiffs have not plausibly alleged any of the required elements of a civil rights action under 42 U.S.C. § 1983.

### III. **Res Judicata**

Plaintiffs have litigated extensively against Defendants in Alaska state court and the Court has taken judicial notice of these proceedings.[41]

The judgment of a state court proceeding may prevent a later Section 1983 suit concerning the same injury from being litigated in federal court.[42] "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the

---

[40] *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743).

[41] *Supra*, n.10.

[42] *See Takahashi v. Board of Trustees of Livingston Union Sch. Dist.*, 783 F.2d 848, 850-52 (9th Cir.), *cert. denied*, 476 U.S. 1182 (1986) ("The [Supreme] Court [has] rejected the argument that Congress in enacting 42 U.S.C. § 1983 'intended to repeal or restrict the traditional doctrines of preclusion.' [*Allen v. McCurry*, 449 U.S. 90, 98 (1980)]. In *Migra v. Warren City School District Board of Education*, 465 U.S. 75, [84] (1984), the Court explicitly extended the rule of *Allen v. McCurry* to cover claim preclusion, [res judicata] . . . as well as collateral estoppel.").

Case No. 4:19-cv-00024-SLG, *Uphues, et al. v. Law Offices of William R. Satterberg, Jr., et al.*
Order of Dismissal
Page 11 of 14

judgment was rendered."[43]  Thus, the Court looks to Alaska state law to determine if Plaintiffs' previously-litigated claims are barred from re-litigation.

In Alaska, "[r]es judicata, or claim preclusion, bars relitigation of a claim when there is "(1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties (or their privies) about the same cause of action."[44]  And under Alaska law, "issue preclusion prohibits a party from relitigating an issue where:  (1) the party against whom the preclusion is employed was a party to or in privity with a party to the first action; (2) the issue precluded from relitigation is identical to the issue decided in the first action; (3) the issue was resolved in the first action by a final judgment on the merits; and (4) the determination of the issue was essential to the final judgment."[45]

Further, "[*r*]*es judicata* prohibits a party not only from relitigating a resolved claim in a subsequent action, but also from asserting 'any legal theory, cause of action, or defense which *could have been* asserted in that [prior] action.' . . . [W]hen a party has previously had an opportunity to litigate an issue, 'the fact that he chose

---

[43] *Ross v. State of Alaska*, 189 F.3d 1107, 1110 (9th Cir. 1999) (quoting *Hiser v. Franklin*, 94 F.2d 1287, 1920 (9th Cir. 1996) (quoting *Migra*, 465 U.S. at 81)) (internal quotation marks omitted).

[44] *McAlpine v. Pacarro*, 262 P.3d 622, 625 (Alaska 2011) (citations and internal quotations omitted).

[45] *Ross*, 189 F.3d at 1111.

not to, whether because of a strategic decision or ignorance or other reason, does not exempt him from the principles of *res judicata.*'"[46]

The Court takes specific notice of the state court case *Tangwall v. The Law Offices of William R. Satterberg, Jr.,* Case No. 4FA-17-1675CI. In that case, the Superior Court issued "Presiding Judge's Notice of Hearing Regarding Need for Pre-Litigation Screening Order." In this order, the Superior Court explicitly ordered: "Issues involving the validity of the business license for the Law Offices of William R. Satterberg have been fully litigated and were resolved in *Tangwall v. The Law Offices of William R. Satterberg, Jr.*, Case No. 4FA-17-1675CI. These issues will not be relitigated."

Plaintiffs have named Law Offices of William R. Satterberg and its associated attorneys as Defendants in this case and allege that Mr. "Satterberg did not have standing to prosecute or defend any actions in the Alaska Courts for failure to have an Alaskan Business License." This issue has been previously litigated and decided by the Alaska state courts and is barred by the doctrine of *res judicata*.

### IV. **Futility of Amendment**

---

[46] *Beegan v. State*, 195 P.3d 134, 139 (Alaska 2008) (citations omitted) (emphasis in original).

A court may dismiss an action without leave to amend where amendment would be futile.[47] Plaintiffs have alleged civil rights violations against private individuals under 42 U.S.C. § 1983 without out any of the required elements. Without a proper federal question or demonstrable diversity of citizenship, this Court does not have subject matter jurisdiction over this action. Additionally, the Plaintiffs' business license claims are barred by *res judicata*. Accordingly, Plaintiffs' claims are futile and leave to amend will not be granted.

**IT IS THEREFORE ORDERED:**

1. The Court dismisses this action with prejudice for lack of subject matter jurisdiction.
2. All pending motions are denied as moot.
3. The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 27th day of November, 2019 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[47] *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (explaining that dismissal without leave with amend is proper when amendment would be futile); *see also Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (holding that a court may *sua sponte* dismiss for failure to state a claim without notice or an opportunity to amend where plaintiff cannot possibly win relief).